**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| L.V.,<br>Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-268<br>JURY TRIAL DEMANDED |
| DAVID MCKNIGHT,<br>Defendant. | ) | |

## COMPLAINT

1. David McKnight was an employee of the Missouri Highway Patrol. His job was to ensure the safety of our roadways. Instead, he abused his authority over women he encountered on those roadways. Under the guise of reviewing insurance information, he would take their phones to his patrol vehicle and search for private and intimate content. He photographed that content on his phone. Mr. McKnight did this to Plaintiff L.V. ("Plaintiff" or "L.V."), a stranded motorist he was supposed to be helping.

2. Plaintiff brings this action under 42 U.S.C. § 1983, seeking compensatory and punitive damages against Defendant for violating her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs under 42 U.S.C. § 1988.

## PARTIES

3. Plaintiff L.V. is a Missouri resident.[1]

[1] Plaintiff is identified by her initials in this Complaint pursuant to her Motion to Proceed Using a Pseudonym, filed contemporaneously herewith. Plaintiff's identity is known to Defendant and will be disclosed to the Court under seal or as otherwise ordered.

4. Defendant David McKnight is a citizen of Missouri, currently incarcerated in Minnesota. He is being sued in his individual capacity.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (4) as well as the aforementioned statutory provisions.

6. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). The actions alleged herein occurred in Scott County in the Eastern District of Missouri.

## FACTS

8. On December 30, 2023, L.V.'s vehicle broke down near the intersection of U.S. Highways 61 and 62 in Sikeston, Missouri.

9. Defendant McKnight, in his capacity as a law enforcement officer, responded to move L.V.'s vehicle off the roadway and into a nearby parking lot.

10. Defendant had L.V. sit in his Highway Patrol vehicle and asked L.V. for proof of insurance.

11. Defendant took L.V.'s mobile phone under the guise of confirming her insurance.

12. Defendant kept L.V.'s phone for an extended period. While Defendant had it, L.V. used her watch to text her sister and ask her to come help.

13. L.V. did not consent to Defendant's search of the contents of her phone, and Defendant lacked a warrant, probable cause, exigency, or any other lawful basis to do so.

14. Defendant retained L.V.'s phone for far longer than necessary to confirm her proof of insurance and for a purpose unrelated to any legitimate law-enforcement function.

15. Defendant searched her phone for images that would provide Defendant with sexual gratification.

16. Defendant found a nude photograph of L.V.

17. Defendant used his mobile device to photograph this image.

18. L.V. learned on August 22, 2024, that she was a victim of Defendant McKnight when a Highway Patrol officer came to her home and showed her a nude image of her that had been recovered from Defendant's phone.

19. As a result of Defendant's conduct, L.V. has suffered emotional distress.

**COUNT I: UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)**

20. Plaintiff restates all prior allegations.

21. The Fourth Amendment protects L.V.'s right to be free from unreasonable seizures of her person and property, including her mobile phone and the digital content stored on it.

22. Acting under color of state law, Defendant seized L.V.'s phone when he took it from her under the guise of confirming her insurance and retained it in his patrol vehicle for an extended period.

23. Any legitimate basis for Defendant to possess L.V.'s phone was limited in time and scope to confirming her proof of insurance. Defendant's continued retention of the phone beyond that purpose, to locate and copy intimate images, meaningfully

interfered with L.V.'s possessory interest in her property and was unsupported by a warrant, probable cause, consent, or any other lawful justification.

24. Defendant further seized L.V.'s private digital content when he photographed an intimate image of her on his own device and kept that copy for himself, permanently depriving L.V. of exclusive control over that image.

25. Defendant acted willfully, that is, Defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive L.V. of her rights.

26. Defendant's seizure of L.V.'s phone and its digital content was objectively unreasonable and violated L.V.'s clearly established and well-settled rights under the Fourth Amendment, in violation of 42 U.S.C. § 1983.

27. As a direct and proximate result of Defendant's actions, L.V. has been humiliated and has suffered severe emotional distress.

**COUNT II: UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)**

28. Plaintiff restates all prior allegations.

29. L.V. had a reasonable expectation of privacy in the digital contents of her phone, including the intimate images stored there.

30. Acting under color of state law, Defendant searched the contents of L.V.'s phone for images that would provide him with sexual gratification.

31. Defendant knew that a warrant was required to lawfully search L.V.'s phone. Defendant had no warrant, no consent, and no exigent circumstances, and his search served no legitimate law-enforcement purpose.

32. Defendant's search, his viewing of the intimate photograph, and his photographing and storing of that image on his own phone, without first obtaining a search warrant, were intentional and/or malicious acts, committed in reckless disregard for L.V.'s reasonable expectation that the digital information on her phone would remain private.

33. Defendant acted willfully, that is, Defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive L.V. of her rights.

34. Defendant's search of L.V.'s phone was objectively unreasonable and violated L.V.'s clearly established and well-settled Fourth Amendment rights, in violation of 42 U.S.C. § 1983.

35. As a direct and proximate result of Defendant's actions, L.V. has been humiliated and has suffered severe emotional distress.

WHEREFORE, Plaintiff prays for a Judgment against Defendant for pain and suffering, for emotional harm, for medical costs incurred and to be incurred, and other compensatory damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

KHAZAELI WYRSCH, LLC

/s/ Brendan D. Roediger
Brendan D. Roediger MO60585
911 Washington Avenue, Suite 211
Saint Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)

Brendan.roediger@kwlawstl.com
Attorney for Plaintiff L.V.